# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **ANTHONY G. HUNT, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.6:18-cv-01409-CLS-JEO |
| | ) |
| **WALKER COUNTY JAIL** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Chief United States Magistrate Judge John E. Ott filed a "Report and Recommendation" on October 16, 2019, recommending that the defendants' special reports be treated as if they were motions for summary judgment, and further recommending that such motions be granted in part and denied in part. *See* doc. no. 48 (Magistrate Judge's Report & Recommendation). The defendant, who identifies himself as "Roger Childers, MSN, PhD,"[1] filed a timely response to that report, objecting to the Magistrate Judge's conclusion that genuine issues of material fact remained on the plaintiff's claim that defendant Childers acted with deliberate indifference to plaintiff's serious medical needs, and recommending that Childers's

---

[1] "MSN" is an acronym indicating that a person holds a Master of Science degree in Nursing. As the Magistrate Judge noted in his Report and Recommendation, defendant Childers "holds an Associate degree and a Masters degree in nursing, as well as a Masters in Health Care Administration and a Ph.D. in Business." Doc. no. 48 (Magistrate Judge's Report & Recommendation), at 1 n.2 (citing doc. no. 25-1 (Affidavit of Defendant Roger Childers), at 2)).

motion for summary judgment on that claim be denied. *See* doc. no. 49 (Objection of Defendant Roger Childers). The plaintiff filed a reply to Childers's objections. *See* doc. no. 50 (Plaintiff's response to Roger Childers's objections).[2]

Defendant Childers disputes the Magistrate Judge's finding that medical records from the University of Alabama in Birmingham ("UAB"), which indicate that "the plaintiff suffered from a shoulder separation and a small join effusion at his elbow" (for both of which follow-up care was recommended),[3] demonstrated that plaintiff suffered from an objectively-serious medical need. *See id.* at 1. Childers also disputed the existence of records indicating that plaintiff sought medical treatment for his shoulder while incarcerated in the Walker County Jail, or that he failed to provide plaintiff proper medical attention. *Id.* at 1-2.

Contrary to those contentions, the "spartan records" produced by defendants "show only that the plaintiff sought treatment for his shoulder on more than one occasion and that defendant Childers either ignored [plaintiff's] requests or refused care." Doc. no. 48 (Magistrate's Report & Recommendation), at 17 (alteration supplied). Indeed, there are no records indicating that plaintiff was either examined

---

[2] Plaintiff's reply simply restates his previous argument, stating "I pray the courts see's the indifference and I was denied my right to have adequate medical treatment." Doc. no. 50.

[3] Doc. no. 48 (Magistrate's Report and Recommendation), at 5. A footnote to the statement from the Magistrate Judge's Report that is quoted in text states that "[t]he UAB medical records describe this as a 'R Gr 3 AC joint separation . . . chronic injury, acutely worsened pain' and as 'at least a grade 3 separation.'" Doc. no. 48 (Magistrate Judge's Report & Recommendation), at 5 n. 3.

by a physician, or received any other medical care for his shoulder separation or small join effusion of the elbow while housed in the Walker County Jail. Defendant Childers's claim that plaintiff failed to provide any information concerning his need for medical care on his shoulder (*see* doc. no. 49 (Objection of Defendant Roger Childers), at 2) is refuted by multiple records, including the Jail's intake record. The evidence of record, together with defendant Childers's callous comments (such as his statement in response to a nurse's notation that plaintiff described his arm as "feel[ing] like fire & then ice": *i.e.*, "Great he will 'try anything' to get to prison sooner"),[4] raises a genuine issue of material fact concerning the plaintiff's claim of deliberate indifference.[5]

The issue of whether plaintiff has demonstrated an objectively serious medical need and, if so, whether defendant Childers's response to that need was deliberately indifferent, are questions of material fact which preclude summary judgment.[6] *See*

---

[4] See doc. no. 48 (Magistrate's Report and Recommendation) at 17 (alteration supplied).

[5] There is no legal basis for the proposition asserted by defendant Childers that a "serious medical need" must always be accompanied and/or caused by an injury. Doc. no. 49 (Objection of Defendant Roger Childers), at 2.

[6] The evidentiary submissions remove any dispute that defendant Childers was aware of the plaintiff's complaints of shoulder pain, and any dispute that the plaintiff received no treatment for his shoulder pain while at the Walker County Jail. Rather, the disputed facts concern whether the plaintiff demonstrated an "objectively serious medical need" and whether defendant Childers' refusal to provide any treatment for that need satisfies the legal standard for deliberate indifference.

*e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"); *Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019) ("[a]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the matter but to determine whether there is a genuine issue for trial" (citation omitted)); *Farrow v, West,* 320 F.3d 1235, 1247 (11th Cir. 2003 (noting a lengthy delay in treatment for injuries which do not require immediate care may also give rise to constitutional claims given a recognized need for treatment, the nature of the continuing problems, the length of the delay involved and the lack of any reasonable explanation for the delay) (citing *McElligot v. Foley*, 182 F.3d 1248, 1258 n.6 (11th Cir. 1999) ("Although Elmore's needs were not so serious that a delay of a day or so would have been constitutionally intolerable, the week long delays he endured, a jury could conclude, were the product of deliberate indifference.")).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's Report and Recommendation and defendant Childers's objections thereto, this court hereby **ADOPTS** the Magistrate's report, and his recommendations are **ACCEPTED**. Accordingly, it is **ORDERED. ADJUDGED, and DECREED** that the motion for summary judgment jointly filed

by the defendants identified as Walker County, Alabama, Sheriff Jim Underwood and Chief Deputy Sheriff Daren Bridges (doc. no. 17) be, and the same hereby is, **GRANTED**, and plaintiff's claims against those defendants are **DISMISSED WITH PREJUDICE**.

Further, for the reasons stated herein, and at greater length in the Magistrate Judge's Report and Recommendation, it is **ORDERED** that the motion for summary judgment filed by the defendant who identifies himself as "Roger Childers, MSN, Ph D" (doc. no. 25) be, and the same hereby is, **DENIED**.

It also is **ORDERED** that Huntsville attorney Rebekah Keith McKinney be, and she hereby is, appointed to represent plaintiff, Anthony G. Hunt, in all further proceedings herein. The Clerk is directed to copy, at no expense to plaintiff, any pleadings requested by his court-appointed attorney. Further, Ms. McKinney will be allowed 60 days to file any amended pleadings, and five months to conduct any discovery that she deems appropriate.

The plaintiff's sole remaining claim against defendant Childers for deliberate indifference to plaintiff's objectively serious medical needs is **REFERRED** to the Magistrate Judge for all further proceedings.

**DONE** and **ORDERED** this 19th day of December, 2019.

_____
United States District Judge